Mr. Bachrach, you've reserved 3 minutes of rebuttal from your 8 minutes total, so that's Thank you very much, Your Honors. Michael Bachrach on behalf of defendant appellant Nathaniel R. Ortiz. This is an appeal of the denial of the First Step Act application for relief. In briefing, the parties actually explored spent most of their time on the first point, which was whether or not the defendant was eligible for relief, which would have been a de novo question for this court. That's no longer an issue for this court, as the government has conceded in their Rule 28J letter that that issue has been decided in the defendant's favor in United States v. Davis, which is 961 F 3rd 181 decided earlier this year. So that leaves us then, not the question of eligibility, but whether the district court abused its discretion in determining that Mr. Ortiz was not deserving of a reduction of a sentence based upon the First Step Act. In that regard, it was actually Judge Chin sitting by designation, and Judge Chin did in fact err both procedurally and substantially in multiple points. First, Judge Chin erred because he applied his entire analysis based upon the decision that the defendant was a level 8 criminal history category 3 offender. When in fact, as the government conceded below and have not disputed now, the defendant was in fact a level 2 offender. That's a significant shift in any guideline analysis that follows if you're level 2 versus level 3. Judge Chin spent his entire analysis under that assumption that it was level 3. But is that fair, Mr. Backrack? I mean, it seems to me Judge Chin was articulating, and this was the third time he'd been asked to re-sentence this defendant, but he was articulating the facts that were relevant to his declining exercise discretion. And it was the fact of a conviction that he didn't know about that he thought was significant. And that conviction would have put him at a level 3, hypothetically. That seems to me to be fair game under the 3553A factors, isn't it? It would be fair game under the 3553A factors if there was an acknowledgment at some point during his decision of what the correctly calculated guideline sentence would have been under criminal history category 2. He never does that. In fact, Your Honor, when he gets to what I believe to be the second procedural error, that is, which offense level, adjusted offense level, should be calculated. When he's discussing, when he makes the conclusory remark that, well, even under an amended guidelines range for crack cocaine offenses, with consideration of the criminal history, Ortiz's sentencing range would not be substantially lower. The numbers he's talking about there are numbers that you only get to under a criminal history category 3, 121 to 151 months as a level 30 offender, or 151 to 188 months as a level 32 offender. But Mr. Ortiz was a level 2 offender, and it was a criminal history offense of 28, 87 to 108 months. Even if it had been a level 30 or a 32, the numbers would have been lower than what Judge Chin was discussing when he starts discussing, when he's clearly discussing the substantive determination of what's the appropriate sentence. Now, on a first step discretionary decision, as I understand it, the judge is not required to recalculate the guidelines. Is that correct? I disagree, Your Honor. I don't believe there's been any case that actually says that. The First Step Act specifically says that once you determine that a defendant is eligible for the offense, the judge may re-sentence the defendant as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time of the covered offense. Well, to determine whether or not, you know, how the sentence would be applied as if the Fair Sentencing Act was in effect. But that's if he re-sentences him. That's if he re-sentences him. In deciding whether or not to re-sentence him, the decision here being no, I don't see where there's a requirement that as a matter of procedure, your client is entitled to a recalculation of the guidelines. Help me out. Well, there are a couple of things, Your Honor. In Knight States v. Borden, Second Circuit 2009 case, where the court was examining analogous language in 18 U.S.C. 35A2C2, the court explained that the word may refers to simply whether or not he's eligible for relief. Just like you would for any other type of sentencing under United States v. Kivara and under Gallimard v. United States, for any type of sentencing, once you're before the court and the court said, yep, this person's eligible for re-sentencing. The first question, the starting point, is what is the guideline analysis to be able to ascertain whether or not the original sentence is still a reasonable sentence based upon the new sentencing structure that's before the court at this point. But in Moore, I mean, we didn't directly address this in Moore, but the language in Moore makes it clear that the district court is only taking account guidelines changes resulting directly from retroactive application of 2 and 3, right? And for that here, that's just the mandatory minimum, right? I'm sorry, Your Honor. Can you say that again? I had trouble hearing you. Sure. Well, we recently held in United States v. Moore that a district court has to take into account only the guidelines range changes that result directly from retroactive application of sections 2 and 3 of the Fair Sentencing Act. And so that's a reduction of the mandatory minimum. It's not the guidelines changes that happened in the interim, right? Well, Your Honor, I can't confess. I haven't read Moore. The government doesn't cite to Moore in its brief. I'd have to examine that and file a Rule 28J if I disagreed, I guess. So I haven't examined that issue because it was not in the government's brief, Your Honor. I apologize. I would say, however, that— You would disagree that it's discretionary once he's eligible for a reduction. The district court has discretion as to whether to apply, right? I don't disagree at all, Your Honor. That's why the question is here. The district court has decided not to impose a reduction. You're saying he nevertheless has an obligation to calculate the guidelines range before the district court makes that decision? Yes, because to determine whether or not it's reasonable to maintain the original 168-month sentence, in my view, would be an abuse of discretion not to evaluate what the guidelines would have been. Because his original sentence was a guideline range sentence. Now, I know he's saying—the judge was saying, based upon these subsequent factors, I believe that 168 months is still reasonable. Well, is it reasonable when he—is it reasonable—but he says it's reasonable because it's about the same sentence. It's still— —had been entered prior to Ortiz's sentencing in my case. That putting it in the if suggests he understood it had not been, but if it had been, then your client would have had an additional three criminal history points and a criminal history category of three. That wasn't to suggest that was his guidelines. It was to suggest that the real seriousness of the totality of his conduct was more akin to that range than to what a precise application of the guidelines yielded. And as a result of looking at your client's real conduct and the risks it posed, he decided he wasn't going to resentence him. Why isn't that an appropriate way to look at what Judge Chin did here? Your Honor, I think because of Judge Chin's language later in the opinion, where he specifically says, even under an amended guideline range, when you consider his criminal history, the range would not be substantially lower. And then he lists only those guideline ranges that would be applicable under Category 3. Had the judge at that point said, you know what, here's what the numbers are under Level 2, and I think this 168-month sentence is still justifiable under an analysis of the guidelines, that's one thing. But that's not what he does. He continues to maintain the, as you put it hypothetically, Your Honor, of what can only be done in the Category 3 analysis, which means that he has no recognition. But he explains to us why. He tells us if something that happened after an event, his sentencing, it happened beforehand, it would have yielded this range, and he thinks that that better reflects the seriousness of your client's criminal conduct. Well, am I missing something? Well, for starters, Your Honor, then the question is, is that a reasonable determination? That's a substantive question. And I would say it's not reasonable, because if he were to do that, that would mean that he would have been sentencing the defendant. Instead of being in an 87- to 108-month range, he would have gone upward enhanced to 168 months. So he would have upward enhanced at least 60 months, if not more, and that 60 months would be the high end of the correctly calculated guideline range. And it would actually be 73 months, or 83 months, if we're going even higher. Here's the problem, Judge. Judge Stein, when sentencing the defendant for that subsequent conduct, sentenced the defendant for only 60 months. So would it be reasonable to enhance Mr. Ortiz's sentence on this original case more than Judge Stein thought was appropriate to sentence Mr. Ortiz for the exact same conduct when it was in the case where it was actually charged? In that case, Your Honor, I would say it would be unreasonable. And that's, again, assuming we get to the substantive question, which I really, Your Honor, I have to say I really think we don't, because of the fact that he at no point recognizes what the guideline calculations would have been under Level 2. Nowhere. No point. All right. So I'm going to ask you to submit something on the United States versus Moore. It was decided in September. Judge Nardini wrote the opinion. Judge Timmer's on the panel. So was I. And I think that you do need to address it. So let's hear from Mr. Maimon. You've reserved three minutes, Mr. Baccarat. Mr. Maimon, you've got it. Thank you, Judge Sullivan, Judge Raji, Judge Menashe, and may it please the Court. The First Step Act gave certain defendants, like Nathaniel Ortiz, the opportunity to seek a reduced sentence, but not the right to receive one. Rather, as the Court made clear earlier this year, even where a defendant is, quote, eligible for relief, he is not necessarily entitled to relief, end quote. And that's from Holloway at 666. After all, the First Step Act, by its own terms, does not, quote, require a court to reduce any sentence, end quote. And that's from Section 40C of the First Step Act. For this reason, as this Court said in Holloway, the decision of whether to reduce a sentence under the First Step Act, quote, is a matter left to the district court's sound discretion, end quote. If a district court is to have any discretion to deny a First Step Act sentence reduction motion, this case is the perfect vehicle for exercising that discretion. Not only was Ortiz the number two man, the enforcer, in a powerful and violent crack distribution organization in the Bronx run by his brother, but Judge Chin had the advantage of understanding Ortiz's crime in particular detail as he oversaw the trial of Ortiz's brother regarding this very organization. Additionally, after Ortiz was initially sentenced, he was charged with being a member of an armed home invasion crew entirely separate and apart from his brother's drug organization. He pleaded guilty to that crime in a plea deal predicated on, among other things, the assumption that there was a 168-month sentence before Judge Chin. And then, and this was really the icing on the cake, there was Ortiz's behavior in prison, which was truly horrendous. Ortiz engaged in violence or possession of dangerous weapons on 16 separate occasions while incarcerated. This included violence while various sentence reduction motions were pending, that is, at times that one would think that Ortiz would want to prove to the court that he had actually reformed himself. In light of these facts, Judge Chin declined Ortiz's motions for sentence reductions under Section 3582C2 in both 2012 and 2016, laying out his reasons in detail each time. After the 2016 denial, Ortiz continued his pattern of violence in prison, hiding a six-inch sharpened weapon in February of 2017, hiding a weapon while stating that he would kill, quote, snitches in October 2017. That same month, telling prison staff that he would, quote, kill snitches, cops, and the guards, possessing a dangerous weapon in July 2018, threatening the staff in that month, and then assaulting his cellmate in August of 2018, and assaulting his cellmate while his cellmate was in cuffs in January 2019. It just made sense, given these facts, to deny Ortiz's first step sentence reduction motion in 2019. Indeed, if Judge Chin were not permitted to exercise his sound discretion to deny Ortiz's motion here, it is hard to imagine when a judge could do so. In light of the text of the First Step Act, this court's clear directions in Holloway, and principles of discretion in a holistic sentencing, all the more important in a sentence reduction motion, Judge Chin cannot be said to have abused his discretion, and this court should affirm Judge Chin's denial of Ortiz's motion. As to what Mr. Bacharach said, there's a fundamental disconnect between what he said and what the law requires. Mr. Bacharach's entire argument appears to assume that this was effectively a plenary resentencing, and therefore even, as Judge Raji pointed out, the hypothetical calculation of the guidelines, and Judge Raji was dead on. Judge Chin not only used the word if, he talked about what the criminal history category, quote, would have been, that's definitely in the world of hypothetical, had the Judge Stein sentence occurred beforehand. But putting aside the hypothetical nature of it, Mr. Bacharach is assuming there's a plenary resentencing where Judge Chin is required to calculate the guidelines, and that Judge Chin did not do so correctly. However, in Moore, which was not cited in our briefs because it didn't exist at the time of our briefs, this court specifically said that in a First Step Act reduction, there is not an entitlement to a plenary resentencing, and there is not an entitlement to a recalculation of the guidelines range, other than adjusting for the First Step Act. There's an entitlement. What about opposing counsel's point that his analysis assumes a greater penalty for the subsequent offense than Judge Stein, in fact, imposed? Maybe there's a defect in the analysis, even if he wasn't required to go through it in the first place. Your Honor, I think that those are two entirely different things. Judge Chin was talking about the Judge Stein sentence, not because of the sentence that Judge Stein imposed. The analysis would have been the same if, for example, Judge Stein had imposed a one-month sentence to run concurrently or a 30-year sentence to run consecutively. That is, this didn't try to track what Judge Stein said. Rather, the analysis, which is the very concept of criminal history category, is this shows a greater chance of recidivism because it turns out I didn't even realize this guy was continuing to commit other crimes on the side. Had I realized that, and had he been convicted of that other crime beforehand, his criminal history would have gone up. And that doesn't matter what Judge Stein's sentence is, other than that it would have had to be more than a year and a month, because he said it would have been three points, which happens when you have a year and a month or more. That's under the sentencing guidelines for a 1.1a. So it doesn't matter what Judge Stein gave him, although I think that there is certainly an appeal to the idea, which Judge Chin did not specifically say, but between Judge Stein and Judge Chin looking at this guy's conduct overall, there was a decision that the correct total sentence for him was 218 months. I'm sorry, 228 months. I'm not a mathematician. I apologize. And by not reducing his sentence, it maintained the sentence that both judges looked at as the correct total sentence. If there are no further questions, we'll rest on our briefs. I guess I have a question. What is your view as to the correct guidelines range at the time that Judge Chin was entertaining this motion? I think that if Judge Chin had exercised his discretion to move toward considering actually reducing his sentence, that is, let me see what the guidelines are and factor that in to the 3553a factors to determine whether he should get a lower sentence. That has kind of gotten beyond the, I think that it's just inappropriate to lower his sentence at all. The correct guidelines range would have been driven by the offense level that Judge Chin came up with, because this court has specifically said in United States v. Rios that you can make more specific findings when you come to a motion like this, as long as they aren't inconsistent with the original findings. And Judge Chin's offense level calculations were consistent with his original findings, which were anywhere between 150 and 500 grams of crack. And so he was allowed to look at the record and say, now that I have to get more specific, I can do that. But if he had gotten that far, it would have been a criminal history category too, because the criminal history category does not change on a reduction of sentence. But the fact of the matter is, he didn't get there in the first place. And I think that that was the point that I agree 100% with Judge Raji. He was putting this out as a hypothetical in order to explain why it is that he thought that there were several different approaches, all of which led him to the same inexorable conclusion that this is not somebody for whom he should exercise his sound discretion to reduce his sentence. Thank you. Thank you, Your Honors. We'll now hear from Mr. Bachrach for an additional three minutes of rebuttal. Your Honor, Mr. Maiman pointed out that this was the third time that Mr. Ortiz had been before the court for resentencing for one reason or the other. Mr. Maiman forgets to mention that during the first two instances, the judge specifically erred on the side of caution and concluded that the appropriate guideline range would have been 87 to 108 months imprisonment. He then denied the relief, but only after first determining what the guideline range should be. Mr. Maiman has just been given the opportunity to state whether he believes a different guideline range should have been imposed. And now for the third time, Mr. Maiman has declined that opportunity. In his district court brief, he specifically stated criminal history category 2, 87 to 108 months. In his Second Circuit brief, he once again does not contest criminal history category 2 resulting in 87 to 108 months. He argues hypotheticals as to why it would be appropriate to view a higher sentence under 3553A. But that's not the question before the court on the procedural issue. The procedural issue, as I have posited, is what it should have been as the starting point, as the initial benchmark, which is that number that now repeatedly everyone comes back to, be it Mr. Maiman or Judge Chin, 87 to 108 months. With respect to Judge Menashe's question, Your Honor, I agree. I have no point if I said that, as Mr. Maiman suggested, that Judge Chin was trying to track the 60-month sentence. I'm not trying to say that because he got 60 months, they're trying to adjust the sentences accordingly. What I'm saying is that if one judge thinks the appropriate sentence for the offense is 60 months, it would seem unlikely that a separate judge, when considering the reasonableness of an enhanced sentence or a re-sentence, would say, well, for that same conduct that the first judge thought 60 months was appropriate, I think even more time is appropriate. I think 81 months above the bottom of the guideline range is appropriate. That's what it would have been. And that seems quite, to me, substantively unreasonable and not something that I believe would have occurred in this case had Judge Chin been evaluating the entire situation under Level 2. I understand Judge Raji's point that he uses the hypothetical when talking about Criminal History Category 3 initially, but then when he discusses how the ranges would actually be affected, the numbers that he's repeating only work under Level 3. None of them come up under Level 2, which again, we've just heard yet again from Mr. Maiman, from the government, that Level 2 is the appropriate offense level, excuse me, Criminal History Category, from which you would be beginning your evaluation of the benchmark of re-sentencing. Okay. Thank you very much, Mr. Bachrach and Mr. Maiman. We will reserve decision.